IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MAURICE RICHARDSON                                                                        PLAINTIFF

v.                                    Civil No. 2:23-cv-02096-PKH-MEF

OFFICER HAMILTON and
OFFICER DUMAS
(Both of Sebastian County Detention Center)                                              DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendants' Motion for Summary Judgment.[1] (ECF Nos. 22, 23, 24).

### I.      BACKGROUND

Plaintiff filed his Complaint on July 19, 2023. (ECF No. 1). That same day the Court entered an Order directing him to submit a completed *in forma pauperis* ("IFP") application and an Amended Complaint by August 9, 2023. (ECF No. 3). Plaintiff did so on August 7, 2023. (ECF Nos. 5, 6). On August 8, 2023, the Court entered Orders granting IFP status and directing Plaintiff to submit a Second Amended Complaint to address deficiencies in his First Amended

---

[1] The Motion is titled and docketed as one for partial summary judgment, but it asks for the dismissal of the entire case. The Court will infer that the document title was the result of clerical error.

1

Complaint. (ECF Nos. 7, 8). Plaintiff filed his Second Amended Complaint on August 28, 2023. (ECF No. 11).

Plaintiff's current address is the Arkansas Division of Correction Varner Unit,[2] but his Complaint centers on his incarceration in the Sebastian County Detention Center ("SCDC"). (ECF No. 11). Plaintiff's Second Amended Complaint underwent preservice screening, as required by 28 U.S.C. § 1915A.[3] Two claims remained for review: (1) Plaintiff's personal capacity claim that the Defendants, Officer Hamilton and Officer Dumas, retaliated against him for witnessing their alleged abuse of another prisoner; and (2) Plaintiff's personal capacity claim that Officer Hamilton utilized excessive force against him when he shoved him and injured his right shoulder while he was handcuffed. (ECF No. 15). The remaining portion[4] of the retaliation claim is as follows:

> they retaliated against me by handcuffing me and shoving me into BC4 several times between 2am and 4am, forced me to ingest unknown substances in a clear tube – shined their flashlight in strobe mode multiple times – forced me to live in cell BC17 with Nazi graffiti then moved me after one month to BC24 which has no light during the day and extremely bright lights all night. (ECF No. 11 at 4).

As to the excessive force claim, Plaintiff alleges Defendant Officer Hamilton handcuffed him and shoved him into BC4, injuring his right shoulder. (*Id*. at 5). The timeframe Plaintiff provided for both claims was "10/22 – 2/23." (*Id*. at 4).

---

[2] Mail sent to Plaintiff at the ADC Ouachita River Unit was returned undeliverable on September 15, 2023. (ECF No. 13). It was resent to the Varner Unit. (*Id*.).
[3] Enacted as part of the Prison Litigation Reform Act ("PLRA").
[4] Plaintiff's allegations that he was exposed to feces for a day and was not allowed to exercise outside of his cell were insufficient to state plausible constitutional claims and were not addressed further. *See Smith v. Copeland*, 87 F.3d 265, 268-69 (8th Cir. 1996) (no constitutional violation where pretrial detainee was subjected to overflowed toilet for four days); *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (A "lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened.").

Defendants filed their Motion for Summary Judgment on January 11, 2024. (ECF Nos. 22, 23, 24). They argue they are entitled to summary judgment in their favor because Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. (ECF No. 23 at 1). Specifically, Defendants argue Plaintiff failed to file a grievance concerning either claim. (*Id*. at 3). Defendants attached a copy of the SCDC Inmate Handbook for the Court's review. (ECF No. 24-2). The Handbook states that an inmate must file a grievance through the kiosk system within ten (10) days of the incident he or she is grieving. (*Id*. at 1). Grievances can only be filed though the kiosk system. (*Id*.). The SCDC Inmate Handbook indicates an appeal will be answered by the Detention Assistant Administrator, and the grievance process has not been completed until that answer is received. (ECF No. 24-2 at 1).

Defendants provided an affidavit by Sergeant Eddie Smith, Director of Inmate Management at SCDC. (ECF No. 24-1). He states that he reviewed all grievances filed by Plaintiff, and the Plaintiff did not file any grievances related to his claims in this case. (*Id*. at 1-2). He states Plaintiff did file two grievances which alleged other acts of retaliation, but Plaintiff did not complete the appeal process for these. (*Id*. at 2). He states Defendants' Exhibit A-2 is a complete copy of grievances filed by Plaintiff which "involve the actions of the named Defendants." (*Id*. at 3).

Exhibit A-2 contains Grievances #537936, #543565, #549079, #550841, #550842, #550986, #552349, #552585, and #552816. (ECF No. 24-3). Grievance #537936 was filed December 1, 2022, and states Defendant Hamilton "used his [Plaintiff's] overage of high blood pressure tabs to get his revenge" after Plaintiff reported him for abusing another inmate. (*Id*. at 1). The response states, "You were fired from the pod trustee position for hoarding linens, and

3

possession of contraband - hoarding medication." (*Id*.). Grievance #543565 was filed January 19, 2023, and states:

> WHY AM I STILL ON RED? I REQUESTED A HEARING BUT WAS DENIED. IT HAS BEEN 9 DAYS NOW. I AM 100 PERCENT POSITIVE THE MR. HAMILTON PLANTED THOSE ALLEDGED PILLS, WHICH I NEVER SAW, BECAUSE I REPORTED HIM FOR ABUSING TRYELL HORN. I HAVE BEEN THE VICTIM OF HIS ATTACKS SINCE MY FIRST COMPLAINT.

(*Id*.). The other grievances do not address retaliation, and instead are primarily focused on reimbursement for medication Plaintiff did not want or take. (*Id*. at 2-5). Neither #537936 nor #543565 were appealed. (ECF No. 24-1, 24-3 at 1).

Plaintiff filed his Response on February 5, 2024. (ECF No. 27). Plaintiff's Response is not responsive to the Defendants' Brief, making only a short statement concerning a single grievance. He states he was unaware that any action had even been taken concerning his Grievance #543565. (*Id*. at 2). He further states there was single verbal exchange, and it concerned charging him for medications. (*Id*.). He further states the "language used in #543565 indicates there were several grievances, as well as written and verbal inquiries made concerning the complaint." (*Id*.). Plaintiff did not attach a copy of this grievance to his Response. Finally, he appears to argue the grievance process was never explained to him, stating: "The Defense a copy of the rules and procedures which were never explained to Plaintiff." (*Id*.). Plaintiff failed to provide a separate Statement of Disputed Facts as directed by the Court.

Defendants filed their Reply on February 12, 2024. (ECF No. 28). They note that Grievance #543565 concerns Plaintiff's claims that pills had been planted in his cell. (*Id*. at 2). Thus, they contend the allegations of this grievance are unrelated to this case. (*Id*.). Defendants attach an affidavit from Jail Administrator William Dumas. (ECF No. 28-1). In it, he states that all SCDC inmates have access to the electronic kiosks daily. Upon logging in, the inmate is

4

automatically notified if any action concerning a grievance has been occurred. (*Id*.). Defendants attach a copy of Medical Grievance #552816 as evidence that Plaintiff was fully capable of filing an appeal, as he did so for that grievance. (*Id*. at 2). Review of the attached grievance indicates Plaintiff did, indeed, submit an appeal on the grievance. (ECF No. 28-2).

## II.     LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. ANALYSIS

#### A. Plaintiff's Failure to Comply with Local Rules

Plaintiff failed to submit a separate Statement of Disputed Facts as directed by the Court. Local Rule 56.1(a) requires any party moving for summary judgment to submit a separate statement of undisputed material facts. Local Rule 56.1(b) requires the non-moving party opposing the summary judgment motion to file a separate statement of disputed facts. *Pro se* inmates are advised of this requirement in the Order directing them to file a summary judgment response. *Pro se* inmates are also advised of this requirement in the District's Prisoner Litigation Guide, which contains an example to help them understand the concept of using the same paragraph numbering as that used by the moving party in their own statement of disputed facts.

Due to Plaintiff's failure, Defendants' Statement of Facts is deemed admitted pursuant to Local Rule 56.1(c). In determining whether there are genuine disputes of material fact, however, the Court has also considered the allegations set forth in Plaintiff's verified Amended Complaint. A verified complaint is the equivalent of an affidavit for summary judgment purposes. *See, e.g., Roberson v. Hayti Police Dep't*, 241 F.3d 992, 994-95 (8th Cir. 2001). "[A] complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint . . .." *Id*. As the Court in *Roberson* pointed out, "[a]lthough a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit to survive the summary judgment motion. *Id*. The Court will, therefore, "piece[] together [Plaintiff's] version of the facts from the verified complaint . . .." *McClanahan v. Young*, No. 4:13-cv-04140, 2016 WL 520983, *1 (D.S.D. Feb. 5, 2016).

B.  **Plaintiff's Arguments Concerning Exhaustion**

Plaintiff does not dispute that he failed to exhaust any grievances concerning his claims. Instead, he argues that he was not given instruction as to the SCDC grievance procedure and was not aware that any action had been taken concerning Grievance #543565. In addition to the fact that the content of this grievance does not address either of his remaining claims in this case, both of Plaintiff's exhaustion arguments are contradicted by the summary judgment record.

The Prison Litigation Reform Act ("PLRA") mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

The Eighth Circuit Court of Appeals has recognized only two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures, or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (explaining a prisoner is only required to

exhaust those administrative remedies that are "available" and any remedies that prison officials prevent a prisoner from utilizing are not considered available).

As discussed above, Defendants' facts have been deemed admitted. They have provided objective evidence that all inmates receive an SCDC Inmate Handbook upon arrival. They have provided a copy of the Handbook for the Court's review, and the grievance instructions are expressly provided within. Thus, Plaintiff had access to the necessary information to utilize and exhaust the grievance process. Defendants have also provided objective evidence in the form of an affidavit and grievance copies that inmates automatically receive notice of any action concerning a grievance on the kiosk. Inmates need only log in to do so, and they have access to the kiosk daily. Based on the summary judgment record before the Court, Plaintiff mastered the use of the kiosk quite well. He simply did not utilize the kiosk to file any grievances concerning the claims in this Amended Complaint. To the extent Plaintiff argues that he did not know he would receive notice on the kiosk, his subjective beliefs are not relevant in deciding whether a grievance process is available. *See, Lyon v. Vande Krole,* 305 F.3d 806, 809 (8th Cir. 2002*)* (a court is not permitted "to consider an inmate's merely subjective beliefs, logical or otherwise, in determining whether administrative procedures are 'available.'").

Plaintiff's claims are contradicted by the summary judgment record such that no reasonable jury could believe them. Accordingly, Defendants are entitled to summary judgment as a matter of law.

## IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Second Amended Complaint (ECF No. 11) be DISMISSED WITHOUT PREJUDICE.[5]

<u>Referral Status</u>: This case should not remain referred as all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of July 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

5 Claims that are dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. *See Sergent v. Norris*, 330 F.3d 1084, 1085 (8th Cir. 2003) (*per curiam*).